[Civil No. 2418.   Filed April 19, 1926.]

[245 Pac. 274.]

# D. H. SMITH, Appellant, v. LAURA A. ELDER and PAUL MORETTI, Appellees.

1. TRIAL.—Motion for instructed verdict should be denied, unless evidence is so weak that verdict thereon on motion for new trial would have to be vacated.

2. BILLS AND NOTES—PRINCIPAL AND AGENT—IN ACTION ON NOTE, EVIDENCE HELD SUFFICIENT TO SUPPORT FINDING THAT PLAINTIFF'S AGENT ACCEPTED ANOTHER NOTE IN PAYMENT, WHICH ACT PLAINTIFF RATIFIED.—In action on note, where maker pleaded that other notes had been accepted by plaintiff's agents in satisfaction of note sued on, and that plaintiff had ratified acts of his agents, evidence *held* sufficient to support the allegations of agency and ratification.

3. APPEAL AND ERROR—IN ACTION ON NOTE, INSTRUCTION TO FIND FOR DEFENDANT, IF PERSONS, NOT MENTIONING PLAINTIFF, ACCEPTED PAYMENT AND OWNED NOTE, HELD NOT PREJUDICIAL ERROR, WHERE DEFENDANT ADMITTED PLAINTIFF'S OWNERSHIP.—In action on note, where defendant pleaded payment, instruction to find for defendant, if certain persons, not mentioning plaintiff, accepted another note in payment, and were owners of note sued on, *held* not prejudicial error, where defendant admitted ownership in plaintiff, and there was no evidence that such parties owned the note.

4. APPEAL AND ERROR—PLAINTIFF CANNOT COMPLAIN ON APPEAL THAT EXCEPTIONS TO DEFENDANT'S COST BILL WERE NOT SUSTAINED; IT NOT APPEARING THAT COURT'S ATTENTION WAS CALLED THERETO.—Where, after plaintiff filed exceptions to defendant's cost bill, an amended cost bill was filed, the plaintiff cannot complain that his exceptions were not sustained; it not appearing that the court ever passed upon them, or that court's attention was called to the amended cost bill.

5. COSTS.—Under Civil Code of 1913, paragraph 638, as amended by Laws of 1915, chapter 26, costs incurred in taking depositions of witnesses in action on note are provided for.

See (1, 2) 2 C. J., p. 954, n. 81, 83; 8 C. J., p. 1058, n. 5; 38 Cyc., p. 1570, n. 14.   (3) 4 C. J., p. 1033, n. 37.   (4, 5) 3 C. J., p. 884, n. 63, p. 946, n. 65; 15 C. J., p. 135, n. 3.

1.  See 26 R. C. L. 1068.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Affirmed.

Messrs. Robertson, Lindeman & Campbell, for Appellant.

Mr. W. F. Timmons and Mr. Henry C. Kelly, for Appellees.

ROSS, J.—On May 1, 1920, defendant Laura A. Elder and one Paul Moretti gave to E. A. Freeman their joint and several promissory note for $4,750, bearing interest at eight per cent and payable six months from date. Thereafter, and before note became due, the payee indorsed it to plaintiff Smith. The defendants paid, or caused to be paid, to Smith $1,522.53 as a credit upon the principal of note and $362.06 as a credit upon interest, which left, at the date of such credits, April 13, 1921, a balance of $3,227.47. The suit is to recover the latter sum, with interest at eight per cent per annum from April 13, 1921, and attorneys' fees.

The defendant Moretti failed to appear and answer, and judgment in favor of plaintiff was entered as against him.

Defendant Elder answered: (1) Denying all allegations of the complaint, except the execution and delivery of the note; (2) alleging that on or about June 15, 1921, she delivered to plaintiff's agents the note of J. M. Speese, payable to such agents, dated April 13, 1921, for $1,613.74, bearing interest at eight per cent per annum, secured by a mortgage deed on lot 1, block 9, of the city of Yuma, and that such agents of plaintiff accepted such note and security in full satisfaction and discharge of the demand against her;

30 Ariz.—10

(3) that Moretti gave to such agents of plaintiff his personal note of even date with the Speese note and for the same amount and rate of interest, which, together with the Speese note and security, was accepted by plaintiff's agents in full satisfaction and discharge of the note sued on. The defendant Elder further alleged that plaintiff employed Messrs. C. W. Ingham & E. A. Freeman as his agents to collect the note sued on, and that they made such settlement with her as plaintiff's agents, and that their acts in that regard had been subsequently ratified and confirmed by plaintiff. The jury returned a general verdict in favor of the defendant Elder.

The questions raised on this appeal by plaintiff's assignments, as he states them, are:

"(a) Were Ingham & Freeman the agents of appellant, Smith, and by him authorized to make the settlement alleged in the amended answer to have been made?

"(b) Did appellee make the settlement alleged in the amended answer to have been made, and did appellant ratify such settlement?

"(c) Should not, upon the record herein, judgment be rendered in favor of the appellant?"

It is contended by plaintiff that the first and second questions require negative answers, and that the third should be answered in the affirmative. It is said the allegations of the answer as to the agency of Ingham & Freeman, and the allegations of ratification of their act of settlement, are not supported by the evidence. At the close of the case plaintiff made a motion for an instructed verdict, assigning such failure of proof as the grounds therefor. The refusal to grant such motion is made the basis of the first assignment.

If in the record there is substantial evidence that plaintiff had employed Ingham & Freeman to collect

the note by accepting Speese's personal note for one-half thereof and Moretti's personal note for one-half thereof, or if, after Ingham & Freeman made such settlement, plaintiff, being advised of it, ratified and confirmed it, the motion was properly denied. This proposition is in accord with the rule we have often announced to the effect that a motion for an instructed verdict should not be granted, unless the evidence submitted is so weak that a verdict thereon on a motion for a new trial would have to be vacated. *Arizona Binghampton Copper Co.* v. *Dickson,* 22 Ariz. 163, 44 A. L. R. 881, 195 Pac. 538. The evidence offered by defendant in support of her defense of settlement is, in part, as follows:

The note sued on was in payment of a real estate brokerage commission owing to Ingham & Freeman by Speese and Moretti. Elder, a sister of Speese, however, signed the note with Moretti, and thus became bound for its payment, taking the place of Speese. After the note was transferred to Smith (who lives in Los Angeles), Ingham & Freeman, acting in his behalf, saw Speese and Moretti at their ranch near Yuma, Arizona, and arranged to have the proceeds of certain cotton raised by them applied on the note. The cotton was sold for $1,884.59 and the draft therefor was given to Ingham, and by him sent to Smith, who, in turn, on April 13, 1921, credited it upon the note, leaving a balance of $3,227.47. On June 15, 1921, Ingham & Freeman took Speese's note for one-half of this balance, and at the same time accepted a deed from Elder for lot 1, block 9, in the city of Yuma, as security to such note, and for the other half of the Elder-Moretti note took Moretti's separate note.

On the one hand, Smith testified that Ingham & Freeman had no authority from him to make such

settlement, and Ingham & Freeman denied that they were acting for Smith, but say they were trying to protect themselves as indorsers of the Elder-Moretti note. On the other hand, Speese testified that the arrangement was made at the request of Ingham & Freeman, they pretending to represent plaintiff, Smith; that he was shown by Ingham & Freeman a letter to them from Smith, acknowledging the receipt of a letter from Ingham & Freeman, saying he was "glad he got the matter fixed up with the two notes," and stating he "was unable to find it (Elder-Moretti note), but that he would look later and return it . . . if he found it."

Corroborative of defendant's contention that plaintiff knew of the arrangement by which the Elder-Moretti note had been taken up, a letter, dated December 10, 1921, from Smith to Moretti was introduced in evidence, in which Smith wrote:

"Your note dated April 13th, 1921, for $1,613.74 and interest $93.96 will be due on January 2d, 1922.

"This is the note you gave C. W. Ingham & E. A. Freeman. We will appreciate your check in the amount of $1,707.70 on that date in payment of same.

"As you know, this has been extended several times, and we are writing you at this date so you will make preparation to pay same at maturity."

It appears, therefore, that there is positive evidence that plaintiff, Smith, knew of the substitution of the separate notes of Speese and Moretti for the Elder-Moretti note, and that he expressed his approval thereof and promised to return the Elder-Moretti note as soon as he found it. If the jury believed this testimony, it was ample, although in sharp conflict with plaintiff's evidence, to support the allegations of agency and of ratification as set out in defendant's answer. The trial judge who saw and heard the witnesses concurred in the jury's finding, and refused

to grant plaintiff's motion for a new trial, upon the
ground of the failure of the evidence to support the
verdict. We conclude the court did not err in deny-
ing the motion for an instructed verdict.

The next three assignments make the point that
error was committed by the court in instructing the
jury on the questions of agency and ratification; it
being contended that there was no evidence of agency
or ratification, and that such instructions were ab-
stract, and not justified by the evidence. We think
what we have said in disposing of the first assign-
ment sufficiently disposes of these.

The court gave this instruction:

"You are instructed that, if the defendant Laura
A. Elder delivered, or caused to be delivered, to
Messrs. Freeman & Ingham, or either of them, the
note of J. M. Speese, with or without any security for
the payment of such note, and if said Freeman &
Ingham accepted said note in satisfaction of the
greater indebtedness of Mrs. Elder upon the note here
sued upon, you must find for said defendant, if, at the
time of said acceptance of the Speese note, you fur-
ther find that said Ingham & Freeman were the
owners of the note herein sued upon. . . ."

The plaintiff complains of such instruction, "be-
cause it is contrary to the pleadings and the evidence.
The defense was one of payment to appellant," the
plaintiff says, "and there is no evidence in the record
of ownership in Freeman & Ingham." We agree
with plaintiff that the court should not have given
the instruction. Defendant admits in her answer and
throughout the record the ownership of the Elder-
Moretti note was in Smith, the plaintiff. There was
absolutely no evidence that it was owned by Freeman
& Ingham, but we fail to see where this might
have resulted in any prejudice to the plaintiff. It is
not probable, in view of the entire absence of any

evidence of ownership in Ingham & Freeman, that the jury gave any attention to that part of the instruction predicated upon such ownership.

Plaintiff complains because the court did not sustain his exceptions to the defendant's cost bill. The original cost bill was filed May 21, 1924. Exceptions were filed May 22d. Thereafter, on May 27th, an amended cost bill was filed, in which, evidently for the purpose of meeting plaintiff's exceptions, the items were more particularly set out in detail. It does not appear that the court ever passed upon the exceptions or that the court's attention was ever called to the amended cost bill. If plaintiff felt that the amended cost bill was subject to the same objections as the original, we think he should have called it to the court's attention and asked for a ruling thereon. However, the costs excepted to were incurred in the taking of depositions of various witnesses, and are expressly provided for by statute. Paragraph 638, Civil Code, as amended by chapter 26, Regular Session, Laws 1915.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.